UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NACHATTAR KAUR GARCIA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>KILOLO KIJAKAZI, Acting Commissioner of Social Security,<br><br>　　　　Defendant. | Case No.  1:21-cv-00427-JLT-BAM<br><br>**FINDINGS AND RECOMMENDATIONS REGARDING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT, 28 U.S.C. § 2412**<br><br>(Doc. 24) |

**I.     INTRODUCTION**

Plaintiff Nachattar Kaur Garcia commenced this Social Security action on March 15, 2021. (Doc. 1.) On January 14, 2022, pursuant to the parties' stipulation, the Court entered an order remanding the action for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g), and entered judgment for Plaintiff. (Docs. 22, 23.)

Currently pending before the Court is Plaintiff's motion for an award of attorney fees under the Equal Access to Justice Act ("EAJA") in the amount of $1,542.71. (*See* Doc. 24 at 4 (seeking an award for 7.15 hours of attorney time).) The Commissioner filed a response to the motion, indicating no objection to the request. (Doc. 26.) Having considered the motion, the record in this case, and the applicable law, the Court will recommend that Plaintiff's motion for EAJA fees be granted.

///

## II. DISCUSSION

### A. Plaintiff is Entitled to EAJA Fees

The EAJA provides, in relevant part:

(A)  Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

(B)  A party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection, and the amount sought, including an itemized statement from any attorney or expert witness representing or appearing in behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed. The party shall also allege that the position of the United States was not substantially justified. Whether or not the position of the United States was substantially justified shall be determined on the basis of the record (including the record with respect to the action or failure to act by the agency upon which the civil action is based) which is made in the civil action for which fees and other expenses are sought.

(C)  The court, in its discretion may reduce the amount to be awarded pursuant to this subsection, or deny an award, to the extent that the prevailing party during the course of the proceedings engaged in conduct which unduly and unreasonably protracted the final resolution of the matter in controversy.

28 U.S.C. § 2412(d)(1)(A)-(C).

Here, the Court finds no dispute that Plaintiff is the prevailing party given that the Court remanded the matter for further administrative proceedings. *Gutierrez v. Barnhart*, 274 F.3d 1255, 1257 (9th Cir. 2001) ("An applicant for disability benefits becomes a prevailing party for the purposes of the EAJA if the denial of her benefits is reversed and remanded regardless of whether disability benefits ultimately are awarded."). In light of the stipulated remand, the Court further finds that the position of the Commissioner was not substantially justified. *See Sanchez v. Berryhill*, No. 1:16-cv-01081-SKO, 2018 WL 509817, at *2 (E.D. Cal. Jan. 23, 2018) (finding position of the government was not substantially justified in view of the Commissioner's assent to remand); *Knyazhina v. Colvin*, No. 2:12–cv–2726 DAD, 2014 WL 5324302, at *1 (E.D. Cal. Oct. 17, 2014) (finding position of the government not substantially justified where the parties stipulated to a remand of the action to the Commissioner for a new hearing). Moreover, in

response to the motion, the Commissioner does not argue that the position of the government was substantially justified or that special circumstances exist that make an award unjust. *See Gutierrez*, 274 F.3d at 1258 ("It is the government's burden to show that its position was substantially justified or that special circumstances exist to make an award [of EAJA fees] unjust."). Finally, the Court finds Plaintiff's application for EAJA fees is timely because it was filed within thirty days of final judgment in this action.[1]  *See Melkonyan v. Sullivan*, 501 U.S. 89, 102 (1991) ("In sentence four cases, the filing period begins after the final judgment ("affirming, modifying, or reversing") is entered by the court and the appeal period has run, so that the judgment is no longer appealable."); *Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002) (holding a sentence four remand becomes a final judgment for purposes of attorneys' fees under the EAJA upon expiration of the time for appeal).

For these reasons, the Court finds that Plaintiff is entitled to an award of fees pursuant to the EAJA.  See 28 U.S.C. § 2412(d)(1)(A).

### B. The Requested Fee is Reasonable

An award of attorneys' fees pursuant to the EAJA must be reasonable. 28 U.S.C. § 2412(d)(2)(A); *Perez-Arellano v. Smith*, 279 F.3d 791, 793 (9th Cir. 2002).  The applicant bears the burden of demonstrating the reasonableness of the request.  *Blum v. Stenson*, 465 U.S. 886, 897 (1984).  In determining whether a fee is reasonable, the Court considers the reasonable hourly rate, the hours expended, and the results obtained.  *See Comm'r, INS v. Jean*, 496 U.S. 154, 163 (1990); *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983); *Atkins v. Apfel*, 154 F.3d 986, 988 (9th Cir. 1998).

#### 1. Hourly Rates

The EAJA provides that fee awards should be "based upon prevailing market rates for the kind and quality of the services furnished," and that "attorney fees shall not be awarded in excess

---

[1] The term "final judgment" for purposes of the EAJA "means a judgment that is final and not appealable...." 28 U.S.C. § 2412(d)(2)(G). The Court entered judgment for Plaintiff on January 14, 2022. (Doc. 23.) The judgment became a non-appealable "final judgment" 60 days later on March 15, 2022. *See* Fed. R. App. P. 4(a)(1)(B) (providing that the notice of appeal may be filed by any party within 60 days after entry of the judgment if one of the parties is the United States, a United States agency, or a United States officer or employee sued in an official capacity).

3

of $125 per hour unless the court determines that an increase in the cost of living or a special factor . . . justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). The Ninth Circuit maintains a list of the statutory maximum hourly rates authorized by the EAJA, adjusted for increases in the cost of living, on its website. *See Thangaraja v. Gonzales*, 428 F.3d 870, 876-77 (9th Cir. 2005); *Statutory Maximum Rates Under the Equal Access to Justice*, available at https://www.ca9.uscourts.gov/attorneys/statutory-maximum-rates/ (last visited May 11, 2022). Here, Plaintiff requests the published maximum rates of $207.78 for 2020 and $217.54 for 2021 and 2022. *See* 28 U.S.C. § 2412(d)(2)(A); *Thangaraja*, 428 F.3d at 876-77; Ninth Circuit Rule 39-1.6. The Commissioner has not challenged these requested rates. (*See* Doc. 26.) The Court finds the requested rates to be reasonable in light of the kind and quality of services furnished, as well as the lack of argument suggesting otherwise by the Commissioner. The Court will therefore apply Plaintiff's requested rates in calculating the attorneys' fees owed under the EAJA.

### 2. Number of Hours

"A district court has wide latitude in determining the number of hours that were reasonably expended by the prevailing lawyers" and may reduce the hours requested if the time claimed is excessive, redundant, or otherwise unnecessary. *Sorenson v. Mink*, 239 F.3d 1140, 1146 (9th Cir. 2001); *Cunningham v. Cty. of Los Angeles*, 879 F.2d 481, 484 (9th Cir. 1988), cert. denied, 493 U.S. 1035, 110 S.Ct. 757, 107 L.Ed.2d 773 (1990). Plaintiff seeks compensation for a total of 7.15 hours of attorney time spent on this matter (1.3 hours at the 2020 EAJA rate and 5.85 hours at the 2021/2022 EAJA rate). (Docs. 24, 24-1.)

The Court finds that the request here appears to be reasonable and the claimed 7.15 hours is well within the range of attorney time that would be expected to have been expended on this matter. *See, e.g., Scott v. Comm'r of Soc. Sec*., No. 2:19-CV-02545 AC, 2021 WL 4864610, at *2 (E.D. Cal. Oct. 19, 2021) (awarding EAJA fees for 3.2 hours of attorney time and 5.5 hours of paralegal time following stipulated remand). Therefore, the court will award plaintiff EAJA fees in the full amount $1,542.71.

///

///

        **3. Results Obtained**

With respect to the results obtained, Plaintiff's counsel obtained a favorable judgment remanding the case for further administrative proceedings.  Having reviewed the itemization of hours spent, the Court finds that the requested amount of fees is consistent with the result obtained.

      **C.**      **Plaintiff is the Proper Payee Under the EAJA**

Plaintiff's counsel has submitted a copy of a fee assignment executed pursuant to a retainer agreement. (Doc. 24-2.)   However, an attorney fee award under the EAJA is payable to the litigant and is therefore subject to a government offset to satisfy any pre-existing debt owed to the United States by the claimant. *Astrue v. Ratliff*, 560 U.S. 586, 592-93 (2010).

Subsequent to the decision in *Ratliff*, some courts have ordered payment of the award of EAJA fees directly to plaintiff's counsel pursuant to plaintiff's assignment of EAJA fees, provided that the plaintiff has no debt that requires offset. *See Blackwell v. Astrue*, No. CIV 08-1454 EFB, 2011 WL 1077765, at *5 (E.D. Cal. Mar. 21, 2011); *Dorrell v. Astrue*, No. CIV 09-0112 EFB, 2011 WL 976484, at *2-3 (E.D. Cal. Mar. 17, 2011); *Calderon v. Astrue*, No. 1:08-cv-01015 GSA, 2010 WL 4295583, at *8 (E.D. Cal. Oct. 22, 2010).  Here, the Court concludes that the EAJA fee award shall be made payable to Plaintiff.  However, if Plaintiff does not owe a government debt, then the order should not be construed to preclude the payment directly to Plaintiff's counsel pursuant to Plaintiff's assignment.

**III.**      **CONCLUSION AND RECOMMENDATION**

Based on the foregoing, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's motion for attorneys' fees and expenses under the EAJA (Doc. 24) be granted;

2. Plaintiff be awarded fees in the total amount of $1,542.71 pursuant to the EAJA; and

///

///

///

5

3. If the government determines that Plaintiff does not owe a federal debt that qualifies for offset, then the fee award be made payable to Plaintiff's counsel pursuant to Plaintiff's assignment of her interest in the fee award.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, as required by 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these findings and recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that the failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **May 16, 2022**               /s/ *Barbara A. McAuliffe*
                                        UNITED STATES MAGISTRATE JUDGE